JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Stella Thornton*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STELLA THORNTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PROJECT DISCOVERY, INC, a Nevada non-profit corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(2) DISCRIMINATION (42 U.S.C. § 2000e** *et seq.***);**<br><br>**(3) HARASSMENT (N.R.S. § 613.330);**<br><br>**(4) HARASSMENT (42 U.S.C. § 2000e** *et seq.***);**<br><br>**(5) RETALIATION (N.R.S. § 613.340);**<br><br>**(6) RETALIATION (42 U.S.C. § 2000e** *et seq.***);**<br><br>**(7) NEGLIGENT SUPERVISION & RETENTION;**<br><br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(9) ASSAULT;**<br><br>**(10) BATTERY.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stella Thornton ("Plaintiff" or "Ms. Thornton") alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq* (Title VII). The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendant resides in Washoe County, Nevada.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

## NATURE OF THE ACTION

4.    Ms. Thornton began working for Project Discovery as a Camp Helper in or around May 2021. On or about June 25, 2021, Director Mike Selby intentionally untied her bikini top during work, exposing Ms. Thornton's body. Ms. Thornton was a minor at the time. Ms. Thornton complained to Project Discovery about this harassment, but Project Discovery failed to address her complaints and took Mr. Selby's side. Project Discovery constructively discharged Ms. Thornton's employment on or about June 26, 2021 in discrimination based on her sex and in retaliation for her complaints of sexual harassment.

## PARTIES

5.    Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

6.    Defendant Project Discovery, Inc ("Defendant" or "Project Discovery") is a Nevada non-profit corporation that conducts business in Washoe County.

## FACTUAL ALLEGATIONS

7.    In or around May 2021, at age 16, Ms. Thornton began working as a Camp Helper for Project Discovery, a Nevada nonprofit corporation operating summer camps.

8.    Prior to and during Ms. Thornton's employment, Project Discovery knew or should

have known that Mike Selby had a pattern and practice of making unwanted physical contact with staff members, including touching their buttocks without consent, despite being told by staff to keep his hands off them.

9. Prior to and during Ms. Thornton's employment, Project Discovery knew or should have known that Mike Selby had previously engaged in inappropriate physical contact with minor participants, including "pantsing" minors at the lake.

10. Despite this knowledge, Project Discovery failed to implement any policy or protocol to investigate complaints of sexual harassment, failed to provide adequate training to staff regarding appropriate workplace conduct, and failed to adequately supervise Mike Selby to prevent him from engaging in sexual harassment of employees.

11. Despite this knowledge, Project Discovery negligently retained Mike Selby in a position of authority over minor employees, allowing him unsupervised access to and control over minors in workplace settings.

12. On or about June 25, 2021, during a work activity at Lake Tahoe, Project Discovery's Director Mike Selby approached Ms. Thornton from behind while she was playing ultimate frisbee and intentionally untied the strings of her bikini top, causing it to fall and partially expose her breasts to the public, including multiple other minors.

13. After untying Ms. Thornton's bikini top, Mike Selby laughed and stated, "Honey this isn't a nude beach," to which Ms. Thornton responded, "Get your fucking hands off my body!"

14. During the evening staff debrief on June 25, 2021, when Ms. Thornton raised concerns about inappropriate touching at the workplace, Mike Selby demanded that Ms. Thornton apologize to him for her response to his sexual harassment and refused to take responsibility for his conduct.

15. On or about June 26, 2021, Ms. Thornton was forced to resign her employment due to the hostile work environment created by Mike Selby's sexual harassment and Project Discovery's failure to address the misconduct. As a result, Ms. Thornton's employment was constructively terminated on the basis of her sex and in retaliation for her complaints of sexual harassment.

16. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Thornton's relevant

protected status is her sex/gender, as she was subjected to sexual harassment as a female employee. Ms. Thornton engaged in protected activity by complaining about sexual harassment and discrimination when she reported Mike Selby's inappropriate conduct to camp staff and brought up the incident during the staff debrief meeting.

17.    *Exhaustion of Administrative Remedies:* On January 7, 2022, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On August 22, 2025, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19.    *Reckless Indifference and Conscious Disregard*: Defendant knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20.    *Malice*: The conduct of Defendant was committed with malice, including that (a) Defendant acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21.    *Oppression:* In addition, and/or alternatively, the conduct of Defendant was committed with oppression, including that the actions of Defendant against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant, as alleged, was

1  fraudulent, including that Defendant asserted false and pretextual grounds for terminating Plaintiff's

2  employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of

3  legal rights or otherwise injure Plaintiff.

4        23.     Further, Defendant is liable for the wrongful acts of its employees, including its

5  supervisory personnel, because Defendant had advance knowledge that these employees were unfit

6  for the purposes of the employment and yet employed these employees with a conscious disregard

7  for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

8  **FIRST CLAIM FOR RELIEF**

9  **Workplace Discrimination in Violation of N.R.S. § 613.330**

10  **(Plaintiff Stella Thornton against Defendant)**

11        24.     The allegations set forth in preceding paragraphs are re-alleged and incorporated

12  herein by reference.

13        25.     Plaintiff was employed by Defendant, as defined by N.R.S. § 613.310, and thus is

14  prohibited from discriminating against any person with respect to the person's compensation,

15  terms, conditions, or privileges of employment on the basis of any protected status as set forth in

16  N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the

17  basis of these protected statuses.

18        26.     The acts and omissions of Defendant, as more fully set forth herein, constituted

19  discrimination on the bases of a protected status or statuses within the meaning of N.R.S. § 613.330.

20        27.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and

21  termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S.

22  § 613.330.

23        28.     Plaintiff charges that Defendant discriminated against the Plaintiff based on her

24  protected status or statuses.

25        29.     As a direct and proximate result of the violations and conduct described herein,

26  Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and

27  benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer

28  great financial, mental and emotional injury, pain and distress.

30.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

31.     The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Stella Thornton against Defendant)

32.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

34.     Plaintiff was an employee of Defendant, as defined by 42 U.S.C. § 2000e(b), and thus is barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

35.     Defendant took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

36.     The discriminatory acts of Defendant have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according

to proof at trial.

37.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

38.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.*

### (Plaintiff Stella Thornton against Defendant)

39.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40.    Plaintiff was employed by Defendant.

41.    The acts and omissions of Defendant, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

42.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

43.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

44.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

45.    Plaintiff perceived the working environment to be abusive or hostile, and a

reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

46.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

47.    Defendant had a duty to prevent and promptly correct the harassing behavior. Defendant breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant similarly breached its duty by failing to remedy the harassment.

48.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

49.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

50.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## FOURTH CLAIM FOR RELIEF

### Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Stella Thornton against Defendant)

51.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

53.    Plaintiff was an employee of Defendant, as defined by 42 U.S.C. § 2000e(b), and

thus is barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

54.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

55.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

56.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

57.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

58.    Defendant had a duty to prevent and promptly correct the harassing behavior. Defendant breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant similarly breached its duty by failing to remedy the harassment.

59.    The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

60.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

61.    Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and

1  costs in an amount according to proof.

2  **FIFTH CLAIM FOR RELIEF**

3  **Workplace Retaliation in Violation of N.R.S. § 613.340**

4  **(Plaintiff Stella Thornton against Defendant)**

5  62.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

6  herein by reference.

7  63.    Plaintiff was employed by Defendant.

8  64.    Plaintiff engaged in protected activity.

9  65.    Defendant was aware of Plaintiff's protected activity.

10  66.    After engaging in protected activity, Plaintiff suffered an adverse employment

11  action.

12  67.    There is a causal connection between Plaintiff's protected activity and the adverse

13  employment action.

14  68.    The conduct of Defendant alleged herein have caused damage and harm to Plaintiff,

15  including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer

16  humiliation, emotional distress, and mental and physical pain and anguish, in an amount according

17  to proof at trial.

18  69.    The acts alleged herein were undertaken with the malice, with intent to injure

19  Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute

20  oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

21  rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and

22  exemplary damages in an amount sufficient to punish Defendant, and to make an example of and

23  deter Defendant from engaging in such conduct in the future.

24  70.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

25  the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

26  to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

27  / / /

28  / / /

-10-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Stella Thornton against Defendant)

71.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

72.     Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

73.     Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(f).

74.     Defendant is an employer, as defined by 42 U.S.C. § 2000e(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

75.     Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq.*

76.     As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendant engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

77.     The conduct of Defendant constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

78.     The conduct of Defendant alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

79.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter

Defendant from engaging in such conduct in the future.

80.     Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

81.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SEVENTH CLAIM FOR RELIEF

### Negligent Supervision & Retention

### (Plaintiff Stella Thornton against Defendant)

82.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

83.     Plaintiff was employed by Defendant.

84.     Defendant had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

85.     Defendant breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

86.     As a direct and proximate result of the actions of Defendant, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

87.     Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

88.     The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Plaintiff Stella Thornton against Defendant)

89.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

90.    By its actions described hereinabove, Defendant intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

91.    The conduct of Defendant caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

92.    The actions of Defendant were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

93.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

## NINTH CLAIM FOR RELIEF

### Assault

### (Plaintiff Stella Thornton against Defendant)

94.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

95.    Defendant willfully and intentionally engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

96.     At the time of these actions, Plaintiff reasonably believed that she was in immediate danger of being physically harmed by the conduct of Defendant.

97.     These actions were intentional, malicious, and done with the purpose of causing Plaintiff to fear imminent harm.

98.     As a direct and proximate result of the actions of Defendant, Plaintiff has suffered and continues to suffer damages, including, but not limited to, emotional distress, fear, anxiety, and mental anguish.

99.     Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendant.

100.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

## TENTH CLAIM FOR RELIEF

### Battery

### (Plaintiff Stella Thornton against Defendant)

101.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

102.    Defendant willfully and intentionally made harmful or offensive contact with Plaintiff's person without Plaintiff's consent.

103.    Plaintiff did not consent to the contact made by Defendant.

104.    The actions of Defendant were intentional, malicious, and done with the knowledge that such contact was harmful or offensive to Plaintiff. As a direct and proximate result of these actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to, physical injury, pain, suffering, emotional distress, and medical expenses. Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendant.

105.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Emotional distress damages;

3.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.    For an award of reasonable attorneys' fees and costs incurred in this action;

5.    For pre-judgment and post-judgment interest, as provided by law; and

6.    For other and further relief as the Court may deem just and proper.

DATED: November 11, 2025                **GREENBERG GROSS LLP**

By:  */s/ Jemma E. Dunn*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff Stella Thornton*

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff Stella Thornton hereby demands a jury trial.

3

4  DATED: November 11, 2025             **GREENBERG GROSS LLP**

5

6                                   By:   */s/ Jemma E. Dunn*

7                                         JEMMA E. DUNN
                                          Nevada Bar No. 16229
8                                         MATTHEW T. HALE
                                          Nevada Bar No. 16880
9                                         MARIAN MASSEY
                                          Nevada Bar No. 14579
10                                        1980 Festival Plaza Drive, Suite 730
                                          Las Vegas, Nevada 89135
11

12                                        *Attorneys for Plaintiff Stella Thornton*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28