**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STELLA THORNTON,<br>Plaintiff<br>v.<br>PROJECT DISCOVERY, INC.,<br>Defendant. | Case No.: 3:25-cv-00643-MMD-CSD<br>**Order**<br>Re: ECF No. 27 & 32 |

This is an action for damages arising out of the unwanted touching of a minor. The minor, Plaintiff Stella Thornton, has filed a Motion for Leave to File a First Amended Complaint (FAC). (ECF No. 27.) Under Federal Rule of Civil Procedure 15, a motion for leave to amend may be denied if the proposed amendment is subject to dismissal and is therefore futile. Thornton's proposed FAC asserts a claim for open or gross lewdness against Michael Selby—the adult she alleges improperly touched her. (ECF No. 27-1.) The issue before the court is whether the FAC's theory of open or gross lewdness is futile. The court concludes that it is not. Accordingly, the court grants Thornton's motion.

Also before the court is a Motion for Rule 11 Sanctions filed by Defendant Project Discovery—Thornton and Selby's employer at the time of the alleged touching. (ECF No. 32.) The motion asks the court to sanction Thornton for: (1) asserting that Selby's conduct constituted sexual assault while failing to allege any facts supporting the necessary element of physical penetration and (2) allegedly violating a local rule by disclosing to the court Project Discovery's potential insolvency. For the reasons set forth below, the court denies both requests to impose sanctions.

## I. BACKGROUND

In 2021, Thornton, who was sixteen years old at the time, began working as a camp helper at Project Discovery. (ECF No. 27-1 at ¶ 7.) In June that year, Thornton attended a work event for campers at Lake Tahoe put on by Project Discovery. (*Id.* at ¶ 12.) While at the event, Project Discovery's Executive Director, Michael Selby, allegedly untied Ms. Thornton's bikini top from behind, attempting to "expose her breasts" to nearby adults and minor campers. (*Id.*) According to Thornton, Selby laughed off the encounter and joked: "Honey this isn't a nude beach." (*Id.* at ¶ 13.) Thornton replied, "[g]et your fucking hands off my body." (*Id.*) Later that evening, at a staff meeting, Selby allegedly insisted that Thornton apologize for her response to Selby's conduct. (*Id.* at ¶ 14.) The next day, Thornton left her job as a camp helper at Project Discovery. (*Id.* at ¶ 15.)

On November 11, 2025, Thornton filed a complaint in this court, naming Project Discovery as the sole defendant. The complaint lodged ten claims against Project Discovery: (1) Discrimination (N.R.S. § 613.330); (2) Discrimination (42 U.S.C. § 2000e et seq.); (3) Harassment (N.R.S. § 613.330); (4) Harassment (42 U.S.C. § 2000e et seq.); (5) Retaliation (N.R.S. § 613.340); (6) Retaliation (42 U.S.C. § 2000e et seq.); (7) Negligent Supervision & Retention; (8) Intentional Infliction of Emotional Distress; (9) Assault; and (10) Battery. (ECF No. 1.)

Later, the court entered a stipulated discovery order, setting the deadline to amend pleadings as June 23, 2026. (ECF No. 21.) The parties subsequently filed a case management report, in which Thornton expressed an interest in moving to amend to add Selby. (ECF No. 24 at 3.) In the report, the parties also explained that they had scheduled an Early Neutral Evaluation (ENE) settlement conference before the Honorable Carla Baldwin. Selby attended the ENE along

with Thornton and Project Discovery, although he had not been formally joined in the dispute. The parties were unable to settle the matter at the ENE. (ECF No. 26.) Thornton states in the FAC that, at the ENE conference, "representations were made regarding the financial solvency" of Project Discovery. (ECF No. 27-2 at ¶ 7.) Thornton's counsel subsequently began drafting a motion to seek leave to add Selby as a defendant in his individual capacity. (ECF No. 27 at 5.)

On June 3, 2026, Thornton filed the present motion to amend along with the proposed FAC, asserting claims against Selby for (1) Intentional Infliction of Emotional Distress (IIED), (2) Assault Against a Minor, and (2) Battery Against a Minor. (ECF No 27-1 at ¶¶ 90–118.) In response, Project Discovery filed an opposition to the motion to amend, (ECF No. 28), and filed a motion for sanctions arguing that Thornton should be sanctioned for proposing an FAC that lacks a factual or good faith legal basis for relief. (ECF No. 32.)

The court begins by addressing Thornton's motion to amend.

## II. DISCUSSION

### A. Motion for Leave to Amend

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts apply Rule 15(a) with "extreme liberality" in favor of granting leave. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Whether to grant or deny leave is a matter left to the trial court's discretion. *See Levine v. Safeguard Health Enters., Inc.*, 32 F. App'x 276, 277 (9th Cir. 2002).

"In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d

977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013). Leave should be denied when amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Leave to amend should be denied when a proposed amendment prejudices the nonmovant. Prejudice forms the touchstone of the Rule 15(a) inquiry. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)). But ordinary prejudice will not suffice to deny a motion to amend: "The Ninth Circuit has repeatedly stated that the prejudice must be 'substantial.'" *Montes v. Bank of Am.*, No. 2:13-CV-00660-RCJ, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) (collecting cases). A non-movant must show "substantial prejudice or substantial negative effect" of allowing amendment. *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)).

Leave to amend should also be denied when a proposed amendment is futile. An amendment is futile when it would be subject to dismissal. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A proposed amendment is subject to dismissal when its claims are barred by the applicable statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). If a plaintiff's proposed complaint is untimely, a court

"need not grant leave to amend," as amendment would be futile. *Metts v. Univ. of Nevada-Reno*, 301 F. Supp. 2d 1247, 1248 (D. Nev. 2004).

In this case, the parties do not dispute that the allegations underlying the FAC occurred over five years ago and are thus potentially barred by a two-year statute of limitations. *Pierson v. Storey Cnty.*, No. 3:12-CV-00598-MMD, 2013 WL 6210336 at *5 (D. Nev. Nov. 27, 2013); *Bacon v. Laswell*, No. 2:09-CV-02058-PMP, 2010 WL 3002029 at * 1 (D. Nev. July 27, 2010). The two-year limitations period does not apply, however, when an action involves the "sexual abuse" of a minor. NRS 11.215(1).

Nevada law defines "sexual abuse" as any of seven acts committed against a minor. *See* NRS 432B.100. Of those seven acts, Thornton chooses two to define Selby's conduct: (1) open or gross lewdness and (2) sexual assault. NRS 432B.100 (4), (7). Below, the court examines whether the theories advanced by Thornton's FAC are futile.[1]

**i. Thornton's open or gross lewdness theory is not futile.**

NRS 201.210(1) penalizes "any act of open or gross lewdness." But the statute's language "provides little guidance" in defining the meaning of the terms "open," "gross," and "lewdness." *Shue v. State*, 133 Nev. 798, 808, 407 P.3d 332, 340 (2017) (citation omitted). Thus, when interpreting NRS 201.210(1), Nevada courts often begin by looking at the common law. The common law defines open lewdness as an "unlawful indulgence of lust involving gross indecency with respect to sexual conduct committed in a public place and observed by persons lawfully present." *Young v. State*, 109 Nev. 205, 215, 849 P.2d 336, 343 (1993); *see also Ranson v. State*, 99 Nev. 766, 767, 670 P.2d 574, 575 (1983). According to the common law, open

[1] Project Discovery made no argument that granting leave would cause it to suffer significant prejudice. Thus, the court only addresses whether the FAC's theories of liability are futile.

lewdness concerns acts which are "sexual in nature, public, and observed by others." *Berry v. State*, 125 Nev. 265, 280, 212 P.3d 1085, 1095 (2009), *abrogated on other grounds by State v. Castaneda*, 126 Nev. 478, 483, 245 P.3d 550, 554 (2010)). "Modern authorities define 'lewd' as pertaining to conduct that is "obscene or indecent; tending to moral impurity or wantonness… evil, wicked, or sexually unchaste or licentious, and preoccupied with sex and sexual desire; lustful" *Id.* (cleaned up).

For conduct to be "open" it is not necessary that the act be committed in a public place. *Id.* (first citing *Ranson,* 99 Nev. at 766, 670 P.2d at 575, then citing *Young,* 109 Nev. at 205, 849 P.2d at 336). Instead, a person is guilty of open lewdness if "the evidence shows that an offender clearly intended his acts to be offensive to his victim." *Id.* NRS 201.210 "does not require proof of intent to offend an observer or even that exposure was observed." *Id.* For an act to be open, it is sufficient that the fact-finder conclude that there "was a likelihood that the act would be observed and that it would be offensive to observers." *Id.* 125 Nev. at 280–81, 212 P.3d at 1096.

For conduct to be "gross," Nevada courts look to the "well defined, well understood, and generally accepted meaning" of the term. *Id.* Gross conduct is conduct which is "immediately obvious…glaringly noticeable usu[ally] because of inexcusable badness or objectionableness." *Id.* 125 Nev. at 281, 212 P.3d at 1096 (citing Merriam–Webster's Collegiate Dictionary, 551 (11th ed.2003)). For the purposes of NRS 201.210, Nevada courts interpret the statute as prohibiting acts that are "obviously objectionable." *Id.*

In this case, Project Discovery argues that Thornton does not allege conduct which could plausibly fall under NRS 201.210(1)'s definition of open or gross lewdness. According to Project Discovery, this renders Thornton's amendment futile because she cannot invoke NRS 201.210(1) to avoid the applicable statute of limitations. Project Discovery rests its position on two cases

which it argues set a standard for the meaning of lewdness that Thornton's allegations cannot meet.

First, Project Discovery points to *Shue v. State*. 133 Nev. 798, 407 P.3d 332 (2017). Shue was charged with open or gross lewdness. *Id.* 133 Nev. at 807–08, P.3d at 340. Trial testimony established that Shue kissed a minor on the mouth without the minor's permission, the kiss made the minor feel uncomfortable, and Shue later confessed to being attracted to the minor. *Id.* The jury convicted Shue and he appealed, arguing there was insufficient evidence to sustain his conviction. The Nevada Supreme Court explained that "[a] kiss on the mouth, without more, does not constitute lewd conduct because it is not lustful or sexually obscene." *Id.* The court concluding that "there [was] simply insufficient testimony about the nature of the kiss" to sustain Shue's conviction. *Id.*

Second, Project Discovery relies on *Pigeon v. State*. No. 67083, 2017 WL 6043408, at *3 (Nev. Dec. 1, 2017) (unpublished disposition).[2] In that case, Pigeon was convicted of open or gross lewdness for masturbating in public by "plac[ing] his hands in his pockets and pull[ing] at his genitals and his groin area while he was staring in the direction of [a minor]." *Id.* The Nevada Supreme Court noted the evidence supporting Pigeon's conviction rested entirely on a detective's retelling of what he saw from a surveillance camera video. *Id.* The court concluded the detective's testimony alone was "insufficient for a rational juror to reasonably infer that Pigeon engaged in a lewd act in public." *Id.* Thus, the court reversed Pigeon's conviction.

Project Discovery argues that *Shue* and *Pigeon* render the FAC futile. Its position can be captured in a single question: If kissing a minor (*Shue*) and publicly masturbating in front of a

[2] Under Nevada Rule of Appellate Procedure 36(c)(3) an unpublished decision issued after January 1, 2016, by the Nevada Supreme Court may be cited for its persuasive value.

minor (*Pigeon*) do not amount to lewdness, how can Selby's conduct—untying Thornton's bikini top in public—amount to lewdness? This argument is unpersuasive for three reasons.

First, the facts alleged by Thornton are meaningfully different from those in *Shue* and *Pigeon*. In *Shue*, the relevant conduct involved unwanted touching in private, 133 Nev. at 807–08, 407 P.3d at 340, and, in *Pigeon*, the relevant conduct occurred in public but involved no touching. WL 6043408, at *3. Unlike both cases, the allegations in the FAC present an unwanted touching made in public. Moreover, Selby—who held a position of authority over Thornton as the director of Project Discovery—allegedly responded to the encounter with a crude joke.

Together these allegations could plausibly depict public conduct that is "obviously objectionable" and tends towards "sexual desire." *Berry v. State*, 125 Nev. 265, 281–82, 212 P.3d 1085, 1096 (2009). Drawing all inferences in Thornton's favor, the court finds Selby's intent via conduct (untying a minor's top to expose her breasts), the method (approaching the minor from behind without warning), the setting (a work event taking place in front of employees and campers), and his crude comment, describe conduct that could plausibly amount to lewdness.

Second, *Shue* and *Pigeon* are criminal cases; they do not set a floor for lewdness in *civil* disputes. In both criminal cases, the court addressed whether the evidence presented at trial could sustain a conviction beyond a reasonable doubt. Civil appeals are governed by a separate standard: Appellate courts will generally sustain a jury verdict so long as the verdict is supported by substantial evidence. *See Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 777 (9th Cir. 1990). Neither *Shue*, nor *Pigeon* speak authoritatively on the quality of evidence required to sustain a civil jury verdict under that less stringent standard. This distinction dampens the persuasive value of these cases at this stage in proceedings.

Lastly, *Shue* and *Pigeon* presented a different question than the one before this court. In those cases, the issue was whether the evidence presented by the State at trial could sustain a conviction. And in each case, the court determined—not that the harmful conduct (kissing a minor or masturbating near a minor) could never amount to lewdness—but rather, that the State did not meet its burden in proving that the harmful conduct occurred beyond a reasonable doubt. *See Shue*, 133 Nev. at 808, 407 P.3d at 340 ("Although the circumstances surrounding the kiss may be inappropriate, there is simply insufficient testimony about the nature of the kiss."); *Pigeon*, 2017 WL 6043408, at *3 (concluding that a single witness's testimony was insufficient to infer that lewd conduct had occurred). In this case, on this motion, the court addresses a separate issue: whether Thornton's claims are futile. The FAC meets that measure because it plausibly alleges facts that could survive a motion to dismiss.

To conclude, Project Discovery fails to meet its burden to establish that amendment would be futile by relying on *Shue* and *Pigeon*. Those cases dealt with different facts, they applied a separate standard, and they addressed a different issue; they do not clearly foreclose Thornton's FAC. Thus, amendment would not be futile.

**ii. Thornton's sexual assault allegations are futile.**

In Nevada, sexual assault consists of subjecting "another person to sexual penetration…" NRS 200.366(1)(a). "Sexual penetration" includes "cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning." NRS 200.364(9). The Nevada Supreme Court has explained that sexual assault "unambiguously requires intrusion into a genital or anal opening, including when the

intruding instrument is a part of the perpetrator's body." *Cosby v. Leslie*, 142 Nev. Adv. Op. 11, 583 P.3d 981, 985 (2026) (en banc).

The FAC alleges that Selby's conduct falls within the meaning of sexual assault as defined by NRS 200.366. (ECF No. 27-1 at ¶ 98.) Yet, Thornton's proposed amendment contains no allegations of penetration. Thornton's counsel seemingly concedes the lack of factual enhancement and offers to withdraw the allegation. (ECF No. 31 at 6 n.1.) Because Thornton does not allege a necessary element of sexual assault, granting leave to include this reference would be futile. The court orders Thornton to remove any reference to NRS 200.366 before filing her FAC.

**B. Motion for Rule 11 Sanctions**

Federal Rule of Civil Procedure 11 states:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction.

Sanctions must be imposed on a signer: (1) when a filing is entered for an improper purpose, or (2) when a filing is entered without a reasonable inquiry under the circumstances and is therefore frivolous. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361–62 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986) *overruled in part*

*on other grounds Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399–400 (1990)). Either the improper purpose or frivolousness prongs of Rule 11 may sustain a sanction. *Id.*

Any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). It may include: "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Ultimately, a district court's use of Rule 11 is reviewed for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). When imposing sanctions a district court should keep in mind that Rule 11 offers an "extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Below, the court considers whether to impose sanctions on Thornton for: (1) referencing sexual assault[3] in the FAC and (2) discussing Project Discovery's potential financial insolvency in a separate filing.

**i. The court denies Project Discovery's request for sanctions regarding Thornton's reference to sexual assault under NRS 200.366.**

Project Discovery asks the court to sanction Thornton for referencing sexual assault as a theory of liability in her FAC. The court declines to do so; Thornton's reference to NRS 200.366 amounts merely to a *de minimis* violation of Rule 11.

[3] Project Discovery also asks the court to sanction Thornton for advancing a theory of open or gross lewdness. As the court explained above, Thornton's theory is not futile. She advances a theory with a reasonable, plausible basis in the law. Thus, sanctions are not appropriate. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) (citation omitted).

Rule 11 sanctions are mandatory. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). But the text of the rule does make clear whether minor infractions must be sanctioned. In *Golden Eagle Distributing Corp. v. Burroughs Corp.*, the Ninth Circuit explained that Rule 11 “does not apply to the mere making of a frivolous argument.” *Id.* at 1540. Instead, the rule “permits the imposition of sanctions only when the ‘pleading, motion, or other paper’ itself is frivolous, not when one of the arguments in support of a pleading or motion is frivolous.” *Id.* The Court added that “[n]othing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified.” *Id.* at 1540–41.

Building off this language in *Golden Eagle*, the Ninth Circuit proclaimed what some deemed a “pleading-as-a-whole” rule. Under that rule, sanctions were only appropriate when the entirety of a pleading is frivolous but not when “one of the allegations or arguments in the pleading” may be characterized as frivolous. *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir. 1988) *overruled by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136 (9th Cir.), *opinion amended and superseded*, 929 F.2d 1358 (9th Cir. 1990).

In *Townsend v. Holman Consulting Corp.*, the Ninth Circuit closed the door on the pleading-as-a-whole rule and overturned the portion of *Murphy* that expounded it. 929 F.2d 1358, 1363 (9th Cir. 1990). The Court explained that such a rule would allow a party alleging “one non-frivolous claim [to] pile on frivolous allegations without a significant fear of sanctions.” *Id.* This, the Court concluded, would hamper Rule 11’s purpose: to deter baseless filings in district court and to streamline the administration of justice. *See id.*

However, by putting an end to the pleading-as-a-whole approach, the Court did not create a rule mandating sanctions in every minute instance of frivolousness. As *Townsend* explained, a party cannot be sanctioned when "there is a colorable claim to a particular type of relief on a given set of facts and the signer relies on an unsupportable legal theory to bolster his claim when a supportable one exists as well." *Id.* In fact, according to *Townsend*, Rule 11 implies "that a minor or insignificant allegation or subclaim should not render a pleading sanctionable." *Id.* at 1365 n.4.

Here, Thornton's reference to NRS 200.366 was insignificant and, thus, not worthy of sanction. For sanctions to be appropriate in this case, the court must assume that any violation of Rule 11—no matter how small—must be penalized. But the court is not satisfied that the Ninth Circuit has interpreted Rule 11 to go that far. Rule 11 does not permit a court to sanction a party for advancing a minor allegation or subclaim which turns out to have no factual support. *See Townsend*, 929 F.2d at 1365 n.4. It is true that Thornton's use of NRS 200.366 cannot support a viable claim for sexual assault because she alleges no facts demonstrating physical penetration. *See Cosby v. Leslie*, 142 Nev. Adv. Op. 11, 583 P.3d 981, 985 (2026). The court agrees that amendment on this point would be futile. However, the court declines Project Discovery's invitation to equate futility with frivolity. The nineteen-page FAC mentions sexual assault in a single line. (ECF No. 27-1 at ¶ 98). The court finds this isolated reference—when compared with the FAC as whole—to be the type of "minor or insignificant allegation or subclaim" contemplated by *Townsend* as not to be worthy of sanction. 929 F.2d at 1365 n.4.

Additionally, the court declines to accept Project Discovery's argument that Thornton's reference to NRS 200.366 was made for an improper purpose. According to Project Discovery, Thornton only moved to add Selby when she learned of Project Discovery's looming financial

troubles. (*See* ECF No. 34 at 4.) This, to Project Discovery, proves that the FAC was brought for the improper purpose of seeking relief from Selby when "the lack of potential recovery [from Project Discovery] seemed imminent." (*Id.*) The court is not persuaded by this argument. Seeking relief from defendants is a trait common to all complaints and is not strong evidence of an improper purpose.

The remainder of Project Discovery's argument for improper purpose relies on its position that the reference to NRS 200.366 was frivolous. While frivolousness and improper purpose are often interconnected under Rule 11, *see Townsend*, 929 F.2d at 1362, the court does not find that Thornton's isolated and minimal reference to NRS 200.366 provides strong evidence of improper purpose.

**ii. The court denies Project Discovery's request to sanction Thornton for allegedly violating Local Rule 16-5.**

A court may sanction a party or attorney who violates the local rules. LR IA 11-8(c). Local Rule 16-5 prohibits parties from disclosing confidential information obtained during a settlement proceeding to "the judicial officer to whom the case is assigned." LR 16-5. This prohibition extends to the ENE conferences like the one the parties attended in this case. LR 16-6(h).

As part of Thornton's FAC, her counsel filed a declaration stating that: "During the ENE conference, representations were made regarding the financial solvency of Defendant Project Discovery that raised concerns about Plaintiff's ability to collect any judgment..." (ECF No. 27-2 at ¶ 7.) Project Discovery argues that Thornton violated Local Rule 16-5 by revealing its potential insolvency to the court and, therefore, sanctions should be imposed under Rule 11. The court denies this request for two reasons.

First, Local Rule 16-5 only protects confidential information from disclosure. Generally, confidential information loses its protected status when the information is disclosed to a third-party. *See e.g.*, *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116–17 (9th Cir. 2020) (explaining that a party waives attorney-client privilege by disclosing confidential information to a third-party); *Cung Le v. Zuffa*, *LLC*, 321 F.R.D. 636, 652 (D. Nev. 2017) (explaining that a party waives the work-product privilege if voluntary disclosure to a third-party substantially increases the likelihood that a potential adversary will obtain the information). Here, it is undisputed that Project Discovery revealed its insolvency issues to Thornton during a Rule 26(f) conference that occurred *before* the ENE proceedings. (ECF No. 33-1 at ¶ 3.) This indicates that Project Discovery's insolvency was not confidential at the time of the ENE conference. Thus, disclosure was not protected by Local Rule 16-5.

Second, even if Thornton improperly disclosed the information, the court is not convinced that Rule 11 provides the source for the court's sanction authority as Project Discovery suggests. Courts may draw on several sources to impose sanctions—Rule 11 is only one of several of those sources. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). Before a court may penalize a party, it must ensure that it invokes the proper authority. *See id.* By its plain terms, Rule 11 applies only when a party's filing is frivolous or is made for an improper purpose. Here, Project Discovery makes no argument for why Thornton's disclosure fits under either prong of Rule 11's test. Accordingly, even if Local Rule 16-5 protected the information disclosed by Thornton, the court could not rely on Rule 11 to impose sanctions.

Instead, Project Discovery would need to assert an argument using one of the court's alternative sources for imposing sanctions—like its inherent sanction authority. Under this inherent authority, a federal district court may sanction conduct abusive of the judicial process.

*See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). This power, however, is to be exercised with restraint and discretion. *Id.* at 44. "Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see also Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Mere negligence or recklessness alone will not suffice. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

The court does not find that Thornton acted in bad faith. Thornton's alleged improper disclosure is contained to an isolated and vague reference that "representations were made" concerning insolvency. (ECF No. 27-2 at ¶ 7.) Even assuming this information had not been disclosed to Thornton previously, her reference to the settlement proceedings as the source of her knowledge amounts to, at most, mere negligence—not bad faith. Thus, the court declines to impose sanctions.

## III. CONCLUSION

The court **HEREBY GRANTS** Plaintiff's Motion for Leave to Amend. Plaintiff shall remove any reference to sexual assault under the meaning of NRS 200.366 before filing her FAC. The court **HEREBY DENIES** Defendant's Motion for Rule 11 Sanctions.

**IT IS SO ORDERED**.

Dated: November 13, 2026

Craig S. Denney
United States Magistrate Judge